PLEASANT J. PHILLIPS, executor, plaintiff in error, vs. WILLIAM H. LAMAR, late Sheriff, defendant in error.

If a Sheriff collect money, and of his own accord deposits the money in a Bank which fails, he is liable to respond to the plaintiff.

Rule against Sheriff, from Muscogee county.    Decision by JUDGE WORRILL, at November Term, 1858.

This was a rule against William H. Lamar, late Sheriff of Muscogee county, to shew cause why he should not pay to the plaintiff the amount due on a *fi. fa.* placed in his hands, at the suit of Pleasant J. Phillips, Executor of H. H. Lowe, against Alfred Iverson.

Lamar answered, that he collected the money, and on the same day deposited it in the Manufacturers and Mechanics Bank of Columbus, a chartered Bank, then doing business, and in good credit ; that he kept his bank account of deposit at said Bank ; that said money remained on deposit to his credit as Sheriff, ready to be paid to the plaintiff upon call or demand,

and that before said call or demand was made, said Bank failed, and the money now remains on the books of said Bank, to respondent's credit, and he offers to give to plaintiff a check upon said Bank for the same, or assign the same to him.

The amount received by the Sheriff, was $949 59, in full of principal, interest and cost, 29th August, 1856. The Manufacturers and Mechanics Bank failed on the 2d November, 1856.

This rule was issued from, and heard by the Inferior Court, which Court discharged the same; to which decision, counsel for Phillips excepted and sued out a *certiorari* to correct and reverse said order.

Upon hearing the same, the presiding Judge of the Superior Court, (Worrill, J.) dismissed the *certiorari*, and affirmed the judgment of the Inferior Court, and counsel for Phillips excepted to said decision, and assigns the same as error.

R. W. DENTON, for plaintiff in error.

WILEY WILLIAMS, *contra*.

*By the Court.*—McDONALD, J. delivering the opinion.

The law makes the Sheriff the collecting officer under final process of the Courts, and it holds him liable to a stringent and summary liability. If he fails to do his duty according to the exigency of the process in his hands, the plaintiff is not compelled to resort to the tardy remedy of an ordinary suit, but he may proceed against him by rule, as for contempt, and coerce the payment of the money instanter, which he ought to have in Court, and would have had, but for his misconduct.

The strictness of the law as enacted by our Legislature, and as enforced by our Courts in regard to Sheriffs, grows out of the important relations which that officer sustains to the community, as the executor of the final judgment of the law. The interests of every litigant who obtains a judgment

in the Court, must necessarily be committed to his hands, if the judgment cannot be otherwise enforced than through the use of the process of the Courts. The Courts of Georgia had ever held (prior to the passing of the act of 1839 to make valid certain bonds, *Cobb*, 534 and 535,) where I have practiced before the establishment of this Court, that contracts made by Sheriffs with defendants, whose property had been taken in execution, for leaving the property executed in their hands, were void for ease and favor, as being against the policy of law. The Acts referred to validates contracts as between Sheriffs and other officers named therein, and defendants made for the above purpose ; but such contracts it is expressly declared, shall not affect the rights of plaintiffs, or their remedies against Sheriffs and other officers.

This act expresses strongly the Legislative mind, that private arrangements made by Sheriffs, who are officers of the law, with defendants whose property they may have levied on, for the forth-coming of the property, shall not prejudice the interest of plaintiffs. It certainly cannot be held that contracts or arrangements in regard to the money by Sheriffs, after it is in hand, by means whereof it is exposed to loss, and ultimately lost, can be allowed to exonerate them from liability and throw the loss on plaintiffs. The process requires them to have the money in Court, and after having collected it, nothing but inevitable accident can relieve them from liability. The Sheriff had collected the plaintiffs money, and without authority from him, and of his own accord, had placed it on deposit in bank as Sheriff. It was put in bank on general deposit. Such a deposit creates the relation of debtor and creditor, between the bank and the depositor. It is not a bailment, for the bank has a right to use the deposit as its own money, and is liable to pay on demand, and no interest accrues but from the time of demand and refusal to pay. It is a loan. In the case of *Brown vs. Hanford*, 5 *Hill's Rep.* 591, it was held that the Sheriff after levying on he goods of a defendant, and having deposited them with a

person solvent and responsible, who receipted to him for them, was not liable, the goods having been casually burnt, and without fault. The solvency of the receptor was not questioned. Judge Cowen, in delivering his opinion seems to have thought, that if there had been any doubt of the ability of the receptor of the goods in that case, the determination would have been different, and remarks very truly, that the Sheriff was under no obligation to deliver over the goods, and must see at his peril, that the substituted security be available. And, again, " it is of the nature of every trust, that when the trustee parts with the fund, and takes a substituted security, he is guilty of a conversion and must answer at all events." It is difficult to perceive on what principle the *case* was decided, as it was.

I will remark that it cannot be recognized as law here. Our statute, which authorizes Sheriffs to take bonds for the forthcoming of property on the day of sale, but holding the Sheriffs, nevertheless, liable to plaintiffs, if the property should not be produced, forbids it. I repeat, I do not see how the case can be supported on principle. It seems to me that the analogies referred to, are not apposite, and are therefore, not good authority for it. The case of a factor *del credere* is not the case of a public officer, on whose faithful conduct the whole community are *forced* to rely for the attainment of their rights through the Courts, and a receiver is a special officer of a court of Chancery.

A man has a choice in the selection of a factor, but not so of a Sheriff; and a receiver is under the order and control of the Court to which he owes his appointment, and is accountable as that Court shall order and direct. If a Sheriff can excuse himself, by delivering over property taken in execution by him to the custody of an individual of ability to pay for it, if it be not forthcoming to answer the plaintiffs demand, and it be casually lost, plaintiffs are subjected to injury and loss at the hands of those in whom the law does not require them to confide. But the same learned Judge, whose

remarks I have already quoted, says that " no case goes the length of saying that, if the goods be destroyed without any fault of the Sheriff, the plaintiff shall not be entitled to sue out a new execution, or the Sheriff to make a new levy." I would say it would be an extremely hard case for the defendant to be subject to a second levy, and of consequence, to a second payment of the debt, if his property sufficient to satisfy it had been taken in execution and lost or destroyed without his fault. I cannot regard that as sound law.

Sheriffs cannot force on plaintiffs the risk of the solvency of any bank in which they may choose to deposit money which they collect. That risk is their own. There are not banks in every county where Sheriffs may deposit money collected by them. If a Sheriff in a city may loan money collected by him to a bank, and every general deposit is a loan, a Sheriff in the country may loan to an indvidual in good credit at the time, and if the failure of the bank should excuse the city Sheriff, the failure of the individual ought to protect the country Sheriff. This Court cannot countenance or affirm a rule, apt to operate so injuriously to plaintiffs. The Sheriffs will run but little risk if they make the plaintiffs or their attorneys the depositories of their own money, which may generally be done with the slight inconvenience of notifying them by mail or otherwise, that the money is collected and ready to be paid.

Judgment reversed.